Hightower v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-148-CR

     JAMES EDWARD HIGHTOWER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 204th District Court
Dallas County, Texas
Trial Court # F93-04265-VQ
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Hightower appeals from his conviction for possession of cocaine (under 28 grams),
enhanced by two prior felony convictions, for which he was sentenced to twenty-six years in the
Texas Department of Criminal Justice, Institutional Division.
      The evidence overwhelmingly proved that Appellant possessed the cocaine and was sufficient
to support the conviction.
      In the punishment phase Appellant pled "true" to the two enhancement allegations. The State
introduced evidence that Appellant had ten prior convictions, seven felonies and three
misdemeanors.
      Appellant appeals on one point of error:
The punishment charge delivered by the trial court was fundamentally defective for
failing to instruct the jury concerning the law of parole as required by the Texas Code of
Criminal Procedure, art. 37.07, § 4, and thereby deprived Appellant of a fair trial.
      At the conclusion of the punishment hearing the trial court afforded the parties an opportunity
to object to the court's charge. Appellant's counsel stated she had no objections. With regard to
the issue of parole, the trial court instructed the jury as follows:
You are further instructed that in determining the punishment in this case, you are not
to discuss among yourselves how long the defendant will be required to serve any
sentence you decide to impose. Such matters come within the exclusive jurisdiction of
the Board of Pardons and Paroles."
      Appellant contends the court should have given the instruction mandated by article 37.07, §
4(b), to-wit:
Under the law applicable in this case the defendant, if sentenced to a term of
imprisonment, may earn time off for the period of incarceration imposed through the
award of good conduct time. Prison authorities may award good conduct time to a
prisoner who exhibits good behavior, diligence in carrying out work assignments, and
attempts at rehabilitation. If a prisoner engages in misconduct prison authorities may also
take time away, all or part of any good conduct time earned by the prisoner.
It is also possible that the length of time for which the defendant will be imprisoned
might be reduced by the award of parole.
Under the law applicable in this case, if the defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until actual time served plus any
good conduct time earned equals one-fourth of the sentence imposed or fifteen years,
whichever is less. Eligibility for parole does not guarantee that parole will be granted.
It cannot be accurately predicted how the parole law and good conduct time might
be applied to the defendant if he is sentenced to a term of imprisonment, because the
application of these laws will depend on decisions made by prison and parole authorities.
You may consider the existence of the parole law and good conduct time. However,
you are not to consider the extent to which good conduct time may be awarded to or
forfeited by the defendant. You are not to consider the manner in which the parole law
may be applied to this particular defendant.
Appellant contends that the failure of the trial court to charge the above mandated instruction was
fundamental error and was harmful to Appellant.
      Abnor v. State, 871 S.W.2d 726, 731-732, holds that an erroneous or incomplete jury charge
does not result in automatic reversal of a conviction. Abnor holds that when reviewing a charge
error, the appellate court must undertake a two-step review: first, the court must determine
whether error actually exists in the charge; and second, whether sufficient harm resulted from the
error to require a reversal. If the appellant did not object at trial, as here, then the appellant must
show egregious harm before the judgment will be reversed. Almanza v. State, 686 S.W.2d 157,
172. Almanza further holds that the reviewing court must review the entire charge and also the
state of the evidence before deciding whether the charge error was so harmful as to require a
reversal. Almanza at 172.
      The evidence of Appellant's guilt was overwhelming as was the evidence to support the
finding of "true" to the two alleged prior felony conviction. In fact, during punishment, seven
prior felony conviction plus three prior misdemeanor conviction were proved.
      The range of punishment which could have been assessed was not less than twenty-five years
or more than ninety-nine years. The jury assessed twenty-six years.
      In evaluating the trial record as a whole, it is clear Appellant incurred no harm at all, much
less egregious harm, by the failure of the trial court to give the mandated instruction on parole.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 2, 1995
Do not publish